## ANDREW BAIN v. A. J. CUSHMAN.

### *Evidence. Opinion. Damage.*

In an action against a physician for unskillful professional treatment, the plaintiff's opinion is not admissible on the question of damages, when he is able to describe all the facts bearing upon that question.

TRESPASS on the case for the alleged negligence and unskillfulness of the defendant as a physician and surgeon in his professional treatment of the plaintiff while a patient of the defendant, whereby the plaintiff was injured. Plea, general issue. Trial by jury, December Term, 1886, TAFT, J., presiding. Verdict for the plaintiff.

On trial the plaintiff, a farmer and not a professional man, claimed and testified that on the 15th day of October, 1884, being suddenly attacked with some difficulty or disorder of his urinary organs, he employed the defendant as a physician and surgeon, to attend upon and treat him for the difficulty

with which he was so suffering, and the defendant continued to treat him therefor for several days.

The plaintiff's testimony further tended to show that the defendant's treatment was unskillful and negligent, and that in consequence thereof he suffered great and unnecessary pain; and that the injuries inflicted upon the plaintiff because of the defendant's unskillfulness and negligence were likely to be permanent.

The question was then put to the plaintiff by his attorney, "What is your damage from the ill treatment the doctor gave you?" To which the defendant objected, but the objection was overruled and the plaintiff answered: "If I was well, and had to go over it again, I would not for the best farm in town—in money, $800."

The plaintiff claimed, and his evidence tended to show, that the disease with which he was suffering, was the retention of urine in the bladder,—an excessive accumulation of urine in the bladder, which the patient could not discharge without the aid of a catheter.

The defendant's testimony tended to prove that he put the plaintiff upon proper treatment.

*W. W. Rider* and *Hard & Cushman*, for the defendant.

The error in allowing the question to be put is most obvious. "Opinions of witnesses are not admissible as to the amount of damages for a personal injury." Pierce R. R. 297; NELSON, Ch. J., in *Lincoln* v. *S. & S. R. R. Co.* 23 Wend. 425 (Bk. 14 L. ed. 421); *Cent. R. R. Co.* v. *Kelly*, 58 Ga. 107. In *Hastings* v. *Steamer Uncle Sam*, 10 Cal. 341, the court say: "This testimony was clearly improper. The opinions of witnesses are generally admissible only when they relate to matters of science or art, or to skill in some particular profession or business. The estimate of the witness was but his judgment from facts, and could not be substituted for that of the jury." "It is the peculiar province of the jury to make assessment of damages in such cases." *Wilcox* v. *Leake*, 11

La. An. 178; 24 Tex. 170; 13 U. S. Dig. (N. S.) 353; 17 Wend. 137 (Bk. 13 L. ed. 88); *Oakes* v. *Weston*, 45 Vt. 430; *Fraser* v. *Tupper*, 29 Vt. 409; 2 Sedg. Dam. 632.

*Stewart & Wilds*, for the plaintiff.

The general rule, that a witness not a party is excluded from expressing his opinion as to the quantum of damages, has its exceptions when the question involved is one of value. *Vandine* v. *Burpee*, 13 Met. 288.

Witnesses are permitted to give their opinion in cases where " the facts and circumstances which lead the mind of the witness to a conclusion, are incapable of being detailed and described so as to enable any one but the observer himself to form an intelligent conclusion for them." *Cavendish* v. *Troy*, 41 Vt. 108; *M'Kee* v. *Nelson*, 4 Cow. 355; 2 Sedg. Dam. 589.

The opinion of the court was delivered by

ROYCE, Ch. J.  The question put to the plaintiff upon his examination as a witness in his own behalf called for an expression of his opinion as to the damage he had sustained in consequence of the defendant's negligent and unskillful professional treatment of him as his physician and surgeon.  The answer given by him was intended to be and was no doubt treated as evidence upon the question of the damages that the plaintiff was entitled to recover; thus, leaving the damages to be estimated upon opinion given rather than upon facts that were put in evidence.

It is an elementary rule in the law of evidence that opinions other than those of experts are inadmissible as evidence.  It is not claimed that the question was admissible unless it came within some exception to that rule.  It is claimed that the facts and circumstances which led the mind of the witness to a conclusion were incapable of being detailed and described so as to enable any one but himself to form an intelligent conclusion from them, and that those circumstances brought the

Bain *v.* Cushman.

question within a well-recognized exception to the above rule. The case of *Cavendish* v. *Troy*, 41 Vt. 99, is relied upon as authority in support of that claim. But in that case it is said that where all the pertinent facts can be sufficiently detailed and described, and where the triers are supposed to be able to form correct conclusions without the aid of opinion or judgment from others, no exception to the rule is allowed. Here the witness might have detailed and described all the facts bearing upon the question of the amount of damage he had sustained; and when they were thus detailed and described to the jury there is no reason apparent why the jury would not have been able to form a correct conclusion and judgment without the aid of the opinion of the witness.

So that the question did not come within the exception claimed, and it was error to allow it to be put and answered.

The judgment is reversed and cause remanded.